**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANNY LOPEZ CHAVEZ, | No. 16-55352 |
| Petitioner-Appellant, | D.C. No.<br>2:15-cv-06289-RGK-AJW |
| v. | |
| JOEL MARTINEZ, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 11, 2018[**]
Pasadena, California

Before: FISHER,[***] WATFORD, and FRIEDLAND, Circuit Judges.

Danny Lopez Chavez filed a petition for a writ of habeas corpus seeking

relief from consecutive sentences of 25 years to life for failure to register as a sex

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

offender, in violation of California Penal Code § 290(b), and 35 years to life for first-degree burglary, in violation of California Penal Code § 459.[1]  Both sentences were imposed pursuant to California's three strikes law.  Chavez contends that his sentences violate the Eighth Amendment's prohibition against cruel and unusual punishment.  He is entitled to relief on that claim only if he can show that the California Court of Appeal's decision upholding his sentences "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

**1.**  The California Court of Appeal did not unreasonably apply clearly established federal law in upholding Chavez's sentence for failure to register as a sex offender.  Indeed, we rejected an identical challenge in *Crosby v. Schwartz*, 678 F.3d 784 (9th Cir. 2012).  There, the petitioner was convicted of violating the same sex-offender registration requirement at issue here, and he received essentially the same sentence as Chavez did: 26 years to life.  We rejected the petitioner's Eighth Amendment challenge to his sentence, noting the deferential nature of review under the Antiterrorism and Effective Death Penalty Act, *id.* at 795, and the "nebulous" nature of the Supreme Court's gross disproportionality

---

[1] Chavez was also sentenced to 25 years to life for child molestation, in violation of California Penal Code § 647.6(b), but this portion of his sentence was stayed pursuant to California Penal Code § 654(a).

test under the Eighth Amendment, *id*. at 792. Our holding in *Crosby* controls here.

Chavez argues that his case is distinguishable from *Crosby* because he had no intent to subvert the purpose of the sex-offender registration requirement. But our holding in *Crosby* did not turn on the offender's subjective intent. It turned instead on the fact that failing to register after a change of address directly impedes the State's ability to locate sex offenders. *Id*. at 794. That important state interest is implicated whenever a sex offender fails to register after a change of address, even if (as in this case) the police are ultimately able to locate the offender with relative ease despite his failure to inform the police of his new address.

**2.** Nor did the California Court of Appeal unreasonably apply clearly established federal law in rejecting Chavez's Eighth Amendment challenge to his overall sentence of 60 years to life for failure to register as a sex offender and first-degree burglary. The Supreme Court rejected a similar Eighth Amendment challenge to a sentence of 50 years to life in *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003). In *Andrade*, the petitioner had been convicted of stealing less than $200 worth of videotapes and his prior criminal history consisted of convictions for burglary, transportation of marijuana, and theft, as well as an arrest for a parole violation. The Supreme Court held that the state court reasonably concluded that a total sentence of 50 years to life was not grossly disproportionate to the petitioner's

crime. In this case, Chavez's offenses of conviction (failure to register as a sex offender, first-degree burglary, and child molestation) are more serious than the offense at issue in *Andrade* and, in addition, Chavez's criminal history includes convictions for more serious offenses (forcible rape, attempted sodomy of a child, and oral copulation of a child by force). In light of these facts, the California Court of Appeal did not unreasonably apply *Andrade* in rejecting Chavez's Eighth Amendment challenge to his overall sentence of 60 years to life.

**AFFIRMED.**